**UNITED STATES DISTRICT COURT**
<u>**DISTRICT OF NEW JERSEY**</u>

| | |
|---|---|
| GREEN ENERGY SOURCE, LLC,<br><br>    Plaintiffs,<br><br><br>    -against-<br><br>PROFESSIONAL BUILDING SYSTEMS, INC.,<br>MORGAN REALTY CONSULTANTS, LLC,<br>RICHARD S. MARCHESI, MEREDITH<br>MARCHESI, ALBERT PAPANYAN, and<br>ARMINE ARUSTAMYAN,<br><br>    Defendants. | Civil Action No.:<br><br>    **COMPLAINT**<br><br> **JURY TRIAL DEMANDED** |

   Plaintiff GREEN ENERGY SOURCE, LLC, by and through its attorneys Canter Law Firm P.C., by way of a Complaint against the defendants PROFESSIONAL BUILDING SYSTEMS, INC., MORGAN REALTY CONSULTANTS, LLC, RICHARD S. MARCHESI, MEREDITH MARCHESI, ALBERT PAPANYAN, and ARUSTAMYAN ARMINE, state, upon information and belief, as follows:

<u>**PARTIES**</u>

   1. At all times hereinafter mentioned, Plaintiff, GREEN ENERGY SOURCE, LLC ("Green Energy"), was and is a Foreign Limited Liability Corporation with a principal place of business located at 7 Valley View Drive, in the City of Ramsey, County of Bergan and State of New Jersey.

   2. At all times hereinafter mentioned, PROFESSIONAL BUILDING SYSTEMS, INC. ("PBS"), was and is a Pennsylvania corporation with a principal place of business located at 72 E. Market Street, in the City of Middleburg, County of Snyder and State of Pennsylvania.

3.      At all times hereinafter mentioned, upon information and belief, defendant PBS derived substantial revenue from the sale of goods in the State of New Jersey and has substantial contacts with the State of New Jersey such that the exercise of jurisdiction over defendant PBS will not offend the traditional notions of fair play and substantial justice.

4.      At all times hereinafter mentioned, MORGAN REALTY CONSULTANTS, LLC, ("Morgan") was and is a New Jersey Limited Liability Corporation with its principal place of business at 12 Mountainside Ave, City of Mahwah, County of Bergen, and State of New Jersey.

5.      At all times hereinafter mentioned, RICHARD S. MARCHESI, ("Richard Marchesi")was and is an individual residing in New Jersey and, upon information and belief, is a licensed as a real estate broker and referral agent in the State of New Jersey and employed by Defendant Morgan.

6.      At all times hereinafter mentioned, MEREDITH MARCHESI, ("Meredith Marchesi") was and is an individual residing in New Jersey and is a licensed as a real salesperson in the State of New Jersey and employed by Defendant Morgan.

7.      At all times hereinafter mentioned, ALBERT PAPANYAN, ("Albert Papanyan") was and is an individual residing in New Jersey and is a licensed as a real salesperson in the State of New Jersey, is employed by Defendant Morgan, and is the owner of real property situated within the State of New Jersey.

8.      At all times hereinafter mentioned, ARMINE ARUSTAMYAN, ("Armine Arustamyan") was and is an individual residing in New Jersey and is the owner of real property situated within the State of New Jersey.

## JURISDICTION AND VENUE

9.      Plaintiffs' first cause of action arises under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*., and their second cause of action arises under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b). Accordingly, this Court has subject-matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

10.     This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District, and because a substantial part of the events giving rise to the claims occurred in this District, and the property that is the subject of this action is situated in this District.

12.     Defendants all are doing business in and/or have directed their activities at New Jersey, and derive substantial revenue from the state of New Jersey such that traditional notions of fair play and substantial justice would not be offended specifically this judicial district.

## STATEMENT OF FACTS

13.     Plaintiff Green Energy is in the business of purchasing, assembling and selling custom modular homes.

14.     In furtherance of its business, Plaintiff Green Energy contracted with George A. Tsairis ("Tsairis"), a registered architect, for the architectural design of a modular home.

15.     Tsairis is an architectural professional who creates, markets and licenses the use of his architectural designs.

### Copyright for Architectural Design of A Modular Home

16.     Tsairis owns the copyright protecting the architectural works and architectural drawings he has created.

17.     Tsairis is the author and owner of all copyrights in the following technical drawings and architectural works:

>   Trizano & Provost Residence
>   121 Sherwood Avenue
>   Mahwah, New Jersey

(Hereinafter, the "Copyrighted Work").

18.     The Copyrighted Work constitutes original material that is copyrightable under federal law.

19.     On September 16, 2015, Tsairis has applied for registration of the copyright in the Copyright Work and was assigned Case Number: 1-2710594101.

20.     For the copyright in the Copyrighted Work, Tsairis (1) has paid the requisite fees to the Copyright Office; (2) has deposited copies of the work with the Copyright Office, and (3) has filed the copyright registration application with the Copyright Office.

21.     On October 20, 2015, Tsairis lawfully assigned his rights in the Copyrighted Work to Plaintiff Green Energy, including any rights for damages due to past and future infringement of his rights in the Copyright Work occurring before such assignment.

22.     Each page of the Copyrighted Work produced by Tsairis for Plaintiff indicated that it was subject to his copyright protection.

**Modular Design - 121 Sherwood Avenue**

23.     In or about December 2013, Plaintiff Tsairis designed a particular modular home for Plaintiff for use in developing and building a modular home at 121 Sherwood Avenue, Mahwah, New Jersey.

24.     For purposes of off-site construction of the modular home, Plaintiff contracted with Defendant PBS, an entity in the business of constructing modular home sections.

25.      In furtherance of Plaintiff's contract with Defendant PBS, Plaintiff Green Energy provided copies of the Copyrighted Work to defendant PBS for the sole and limited purpose of constructing modular home sections for 121 Sherwood Avenue, Mahwah, New Jersey.

26.     The modular home sections for 121 Sherwood Avenue, Mahwah, New Jersey were delivered on July 19, 2014 and the home was completed and sold in or about December 2014.

27.     Utilizing the same Copyrighted Works with only non-substantial changes, Plaintiff Green Energy commissioned PBS to once again build modular home sections, this time for a construction site located at 132 Grove Street, Mahwah, NJ.

28.     The modular home sections for 132 Grove Street, Mahwah, New Jersey were delivered on in March 2015 and the home was completed and sold in or about July 2015.

29.     As part of the marketing and sale of the 121 Sherwood Avenue and 132 Grove Street properties, the architectural plans were uploaded to the real estate Multiple Listing Service ("MLS") for use by realtors and potential home buyers in considering the 121 Sherwood Avenue and 132 Grove Street properties for purchase.

30.     Upon information and belief, in or about June 2015 Defendants Morgan; Richard Marchesi; Meredith Marchesi; Albert Papanyan; Armine Arustamyan and/or their agents or employees (collectively the "Morgan Defendants"), utilized the MLS system to improperly procure, missapropriate and/or unlawfully disseminate the Copyrighted Works.

31.     Upon information and belief, unlawfully utilizing these Copyrighted Works, the Morgan Defendants contracted with Defendant PBS to construct modular home sections with the

exact copyrighted architectural plans utilized by Plaintiff in constructing the homes at 121 Sherwood Avenue and 132 Grove Street.

32.     Upon information and belief, the Morgan Defendants have taken delivery of the modular home sections constructed by PBS unlawfully utilizing plaintiff's Copyrighted Work and have begun construction/assembly of a home located at 135 Third Street, Mahwah, NJ.

33.     Upon information and belief, the Morgan Defendants have ordered additional modular home sections from Defendant PBS unlawfully utilizing plaintiff's Copyrighted Work.

34.     Upon information and belief, the Morgan Defendants have unlawfully disseminated, misappropriated, published and disseminated the Copyrighted Work by utilizing the Copyrighted Work to construct new modular homes without the permission or consent of the owner of such Copyrighted Work, by misappropriating, publishing and unlawfully disseminating such Copyright Works on the internet through the MLS database.

35.     The use of the Copyrighted Work by the Morgan Defendants and Defendant PBS is not, and has never been authorized by Plaintiffs or Tsairis.

36.     In advertising for the sale of the 135 Third Street, the Morgan Defendants published and unlawfully disseminated the Copyright Works wherein the copyright management information was unlawfully removed without the authority of Plaintiffs or Tsairis.

## COUNT 1
(Copyright Infringement – All Defendants)

37.     Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

38.     Plaintiff has all rights, title, and interests in the registered and unregistered copyrights in the original database compilations that form the Copyright Works.  Plaintiff has the

exclusive right to reproduce, redistribute, display, and prepare derivative works from the Copyrighted Works, as provided in 17 U.S.C. § 106.

39.     Plaintiff owns valid and enforceable copyrights in the Copyrighted Work, which are creative works of original authorship filed with the United States Copyright Office.

40.     On September 16, 2015, Tsairis applied for registration of the copyright in the Copyrighted Work and was assigned Case Number: 1-2710594101.

41.     On October 20, 2015, Tsairis lawfully assigned his rights in the Copyrighted Work to Green Energy, including any rights for damages due to past infringement on his rights in the Copyrighted Work before such assignment.

42.     These copyrights cover, but are not limited to original works of authorship consisting of original architectural plans.

43.     Defendants infringed Plaintiff's copyright through their unauthorized, unlicensed and unlawful use, impermissible copying and misappropriate of the Copyrighted Work by posting it to various websites including the MLS database, by electronic mail, or otherwise, and by unlawfully using the Copyrighted Work to market, sell and build homes utilizing Plaintiff's copyrighted Works in violation of 17 U.S.C. § 106 *et seq.*

44.     Defendants' infringement of Plaintiff's copyrights was willful and with full knowledge of Plaintiff's ownership and copyright in the Copyright Works.

45.     Plaintiff is entitled to damages in an amount to be proven at trial, including any profits of Defendants directly or indirectly attributable to the infringement not taken into account in computing actual damages under 17 U.S.C. § 504(b).

46.     Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504(c), and attorney's fees from Defendants pursuant to 17 U.S.C. § 505.

47.     Defendants' infringement of Plaintiff's exclusive rights have also caused Plaintiff irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts.

48.     Plaintiff has suffered an injury for which there is no adequate remedy at law, entitling Plaintiff to remedies including injunctive relief as provided for pursuant to 17 U.S.C. § 502, and an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503.

## COUNT 2
(Violation of the Digital Millennium Copyright Act ("DMCA"))

49.     Plaintiff incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

50.     Tsairis included a copyright notice at the bottom of every page on the Copyrighted Work reading: "© [year of publication]. All Rights Reserved. No part of this drawing may be reproduced or distributed in any form or by any means, or stored in a database or retrieval system, without written permission from George A. Tsairis Architects, P.C."

51.     This copyright notice constitutes "copyright management information," as defined in 17 U.S.C. § 1202(c).

52.     Upon information and belief, Defendants, without authority of Plaintiff, Tsairis or the law, intentionally, altered the copyright management information by disseminating and publishing the Copyrighted Work having completely removed the copyright notice in violation of 17 U.S.C. § 1202(b)(1).

53.     Upon information and belief, Defendants, without the consent of Plaintiff or Tsairis, or permitted by the law, unlawfully displayed Plaintiffs' Copyrighted Work daily on various websites and the MLS database, knowing that the copyright management information had

been removed without the authority of Plaintiff or Tsairis or permitted the law, in violation of 17 U.S.C. § 1202(b)(3).

54.    Upon information and belief, Defendants' removal of copyright management information from Plaintiff's Copyrighted Work, and subsequent unlawful publication, misappropriation and dissemination of the Copyrighted Works, as alleged above, was willful and intentional, with full knowledge of Plaintiff's rights under copyright law, and with intentional, reckless and unlawful disregard of Plaintiffs' rights.

55.    Plaintiff is therefore entitled to recover actual damages suffered as a result of the violation, all profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 1203(c) and costs and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4) and (5).

### COUNT 3
(Unjust Enrichment/Restitution – All Defendnats)

56.    Plaintiff incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

57.    Defendants were unjustly enriched in that they received benefits at the expense of Plaintiff through their wrongful conduct.

58.    It would be unjust and against good conscience for Defendants to retain any value they obtained as a result of their wrongful conduct.

59.    Plaintiff is entitled to any and all revenues, earnings, profits, compensation, and benefits that Defendants may have obtained in violation of New Jersey common law, including, but not limited to, returning the value of the stolen property itself and any revenue earned from it, and should be enjoined from further unjust enrichment as well as any additional compensatory

and/or punitive damages which this court sees fit. Defendants should further be ordered to return all materials taken from Plaintiff, and all copies of such, in their possession, custody, or control.

<u>**COUNT 4**</u>
(Violation of NJCA 17:29B-4 Unfair Competition, Deceptive Trade Practice– All Defendants)

60.    Plaintiff incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

61.    Defendants intentionally misrepresented that the Copyrighted Works were available to be utilized by the defendants and other prospective purchasers of modular homes.

62.    N.J.S.A. 56:8 provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice

63.    Defendants unauthorized, unlicensed and unlawful use, impermissible copying and misappropriate of the Copyrighted Work by posting it to various websites including the MLS database, by electronic mail, or otherwise, and by unlawfully using the Copyrighted Work to market, sell and build homes utilizing Plaintiff's Copyrighted Works was an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act pursuant to N.J.S.A. 56:8, *et. seq*.

64.    Plaintiff is therefore entitled to statutory damages as well as treble damages including reasonable attorney's fees pursuant to N.J.S.A. §58:8-19.

## JURY DEMAND

65.    Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

A.    Injunctive relief restraining Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them from the following:

(1)    Copying, distributing, using, or creating derivative works from, any Copyrighted Work in any way, including utilizing such Copyrighted Work to manufacture or construct modular homes;

(2)    Requiring Defendants to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants of such injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

B.    Granting compensatory, incidental, consequential, statutory and punitive damages in a sum to be determined at trial on each Count;

C.    Restitution for all revenue received by Defendants from their wrongful conduct which should rightfully have been received by Plaintiff and all profits derived from that wrongful conduct, and directing Defendants to pay all such sums to Plaintiff forthwith;

D.    Statutory damages of no less than $150,000 per copyrighted work as a result of Defendants' willful infringement of Plaintiff's copyrights;

E.    Awarding Plaintiff interest on any amount to be paid to the Plaintiff at such rate as the Court shall determine to be appropriate;

F.    Awarding Plaintiff the costs of this action together with reasonable attorney's fees as permitted by contract or statute;

G.      Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

CANTER LAW FIRM P.C.

_____

Nelson E. Canter, Esq.
*Attorneys for Plaintiff*
123 Main St. 9th Floor
White Plains, N.Y. 10601
Tel. 914-948-3011
Fax: 914-948-3066
ncanter@canterlawfirm.com